## In the matter of the Petition of ROUGH READY for a Writ of Habeas Corpus.

1. FELONY — *Conviction* — *Appeal* — *Stay of Sentence.* Where a defendant is convicted for a felony, bailable under the statute, and he takes an appeal from his conviction within thirty days after the judgment is rendered against him, and files the transcript of such conviction with the clerk of the supreme court, and makes his application to the supreme court, or any justice thereof, within ninety days after his appeal is taken, the execution of the judgment will be stayed by the order of the supreme court, or any justice thereof, upon the appellant giving bond in such sum as the court or justice shall prescribe; the bond to be approved by the court, or any justice thereof.

2. BOND — *Default in Giving* — *Custody.* In default of giving the bond prescribed by the court, or a justice thereof, the appellant will remain in the custody of the sheriff of the county where he is convicted, during the pendency of the appeal, until the further order of the supreme court.

*Original Proceeding in Habeas Corpus.*

THE opinion filed on December 6, 1890, states the facts.

*James J. Hitt,* for petitioner.

*L. B. Kellogg,* attorney general, and *R. B. Welch,* county attorney, contra.

The opinion of the court was delivered by

HORTON, C. J.: At the April term of the district court of Shawnee county for 1890, Rough Ready was convicted of unlawfully and feloniously taking, stealing, and carrying away from the person of Wm. Glaze, with violence and against his will, $35. He was sentenced to confinement in the penitentiary of the state at hard labor for fifteen years, commencing on the 26th day of April, 1890. Soon after sentence he was taken by the sheriff to the penitentiary and placed in charge of the warden thereof. Ready appealed from his conviction and sentence of the district court to this court within thirty days after the judgment was rendered against him. He filed his transcript, as prescribed by the statute, with the clerk of this court, and made his application to the court within ninety days after his appeal was taken for a stay of the judgment and sentence, and asked that he be permitted to give a bond in such sum as the court should order. His bond was fixed, but he has been unable to give or procure the same.

It is insisted, under the provisions of the statute, in default of giving a bond in the sum prescribed by this court, that he should remain in the custody of the sheriff until the further order of this court, and it is further insisted that his restraint and confinement by the warden of the penitentiary of the state, during the pendency of his appeal in this court, is un-

lawful, and contrary to the provisions of the statute. Paragraph 5349, of the General Statutes of 1889, reads:

"An appeal to the supreme court, from a judgment of conviction, shall stay the execution when the judgment is for a fine, or fine and costs only. In all other cases the execution of the judgment shall be stayed by the order of the supreme court, or any justice thereof, upon the appellant giving a bond in such sum as said court or justice shall prescribe, said bond to be approved by said court, or any justice thereof; and in default thereof the defendant shall remain in the custody of the sheriff until the further order of the supreme court: *Provided*, That when the conviction is for an offense not bailable, the supreme court, or a justice thereof, shall make an order for the safe-keeping of the appellant in the jail of the county in which the offense was alleged to have been committed, or in case of no sufficient jail in such county, then in the jail of the county nearest having a sufficient jail: *And provided further*, That the appellant availing himself of the benefits of this act shall take his appeal within thirty days after the judgment is rendered, and shall file the transcript with the clerk of the supreme court, and shall make his application to the supreme court, or justice thereof, within ninety days after the appeal is taken."

Under the provisions of this section Ready was entitled, upon his default in giving the bond prescribed by the court, to remain in the custody of the sheriff of Shawnee county until the further order of this court, while his appeal was pending. It appears, however, from an opinion handed down at this term of the court, that his appeal has been disposed of. The judgment of the district court has been affirmed, and therefore this court, at this time, cannot release or discharge him from imprisonment.

The execution of the judgment rendered against him must be complied with, in accordance with the order of the district court.

The petitioner will recover his costs.

All the Justices concurring.